# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

CARY DAVIDSON, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

TRIDENT ASSET MANAGEMENT, LLC, and OPS 9, LLC,

    Defendants.

Case No.: 17-cv-499

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cary Davidson is an individual who resides in the Eastern District of Wisconsin (Waukesha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, specifically, a personal care product.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer payment, namely the purchase of personal care products.

6. Defendant Trident Asset Management, LLC ("Trident") is a debt collection agency with its principal place of business located at 53 Perimeter Center East, Suite 440, Atlanta, GA 30346.

7. Trident is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Trident is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Trident is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant OPS 9, LLC ("OPS 9") is a foreign corporation with its principal place of business located at 53 Perimeter Ctr. East, Suite 450, Atlanta, Georgia, 30346.

10. Upon information and belief, Trident and OPS 9 are related entities. The Georgia Secretary of State's website identifies the registered agent for both defendants as "Anurag Sett," and the defendants' respective offices are in the same building.

11. OPS 9 is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time OPS 9 acquires them.

12. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-

04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

13. OPS 9 uses third party debt collectors, including Trident, to collect allegedly defaulted debts that have been assigned.

14. A company meeting the definition of a "debt collector" under the FDCPA (here, OPS 9) is vicariously liable for the actions of a second company collecting debts on its behalf as a matter of law. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

15. With respect to Plaintiff and the class, Defendants are engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

16. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

17. Wis. Stat § 427.103(2) states: "Debt collection" means *any action*, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." (emphasis added).

## FACTS

18. On or about January 16, 2017, Plaintiff received a debt collection letter from Trident. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

3

19. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged defaulted check, written to "On Rite Co" for purchase of a personal care product used only for personal, family or household purposes.

20. Defaulted checks are "debts" under the FDCPA and WCA. *Keele v. Wexler*, 149 F.3d 589, 595-96 (7th Cir. 1998); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997); *Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'").

21. Exhibit A states that the "Current Owner" of the alleged debt is OPS 9, and further states that OPS 9 is Trident's client.

22. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. The letter Defendant sent to Plaintiff (Exhibit A) includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org."

24. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

25. Trident does not, in fact, hold a Wisconsin Collection Agency License.

26. Trident is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

27. Trident was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

28. Trident is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited April 5, 2017).

29. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that Trident did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

30. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

31. Further, Exhibit A states that the "Check Date" is "10/04/2010."

32. The reverse of Exhibit A includes a re-print of the alleged defaulted check. The reprint has been redacted for security. Plaintiff's counsel has the unredacted original document, which may be reviewed *in camera* or pursuant to a protective order.

33. The check is dated "10-4-10."

34. The check Defendant was attempting to collect was written on October 4, 2010.

35. Trident mailed Exhibit A to Plaintiff after the statute of limitations had run on the alleged debt.

36. The statute of limitations for actions on contracts in Wisconsin is six years. Wis. Stat. § 893.43; *Hennekens v. Hoerl*, 160 Wis. 2d 144, 159, n.12, 465 N.W.2d 812, 818 n.12 (1991) ("a creditor has six years to commence an action on a promissory note").

37. Thus, the statute of limitations expired on October 4, 2016. *Id.*

38. No one ever sued Plaintiff to collect the alleged defaulted check.

39. Plaintiff has neither made a payment on the alleged debt, nor any promise to pay, after October 4, 2010.

40. Trident mailed Exhibit A to Plaintiff on or around January 16, 2017, after the six year statute of limitations had run.

41. Under Wisconsin law, the expiration of the statute of limitations extinguishes the debt. Wis. Stat. § 893.05 ("**Relation of statute of limitations to right and remedy.** When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy."); *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 U.S. App. LEXIS 5432 *7-8 (7th Cir. Mar. 29, 2017) (citing Wis. Stat. § 893.05 and noting that Wisconsin law is different from Illinois law and the majority rule).

42. Thus, attempts to collect a time-barred debt in Wisconsin are attempts to collect debts that no longer exist, in violation of the FDCPA. 15 U.S.C. § 1692e(2)(a); Wis. Stat. § 427.104(1)(j); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable); *Pantoja*, 2017 U.S. App. LEXIS 5432 *7-8.

43. Any reasonable lender, debt buyer or debt collector would realize that the alleged debt was past the statute of limitations and thus, extinguished as a matter of law.

44. Plaintiff was confused by Exhibit A.

6

45. The unsophisticated consumer would be confused by Exhibit A.

46. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

47. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

48. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

49. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

50. Plaintiff also seeks injunctive relief under the WCA to stop Defendants' abusive and misleading practices of collecting time-barred debts.

51. Wis. Stat. § 426.109(1) states:

> **(1)** The administrator or any customer may bring a civil action to restrain by temporary or permanent injunction a person from violating chs. 421 to 427 and 429 or the rules promulgated pursuant thereto, or to so restrain a merchant or a person acting on behalf of a merchant from engaging in false, misleading, deceptive, or unconscionable conduct in consumer credit transactions. It shall not be a defense to an action brought under this section that there exists an adequate remedy at law.

52. It is common practice for debt buyers such as OPS 9 to purchase portfolios containing hundreds or thousands of defaulted checks for pennies on the dollar. It is not cost-effective to purchase individual accounts or small portfolios of bad checks or defaulted credit card accounts because many of the accounts are not collectible.

53. Upon information and belief, most if not all of the alleged defaulted checks, allegedly owed by Wisconsin residents, held in the same portfolio as plaintiff's account, are time-barred.

54. Because time-barred debts are extinguished by operation of Wisconsin law, the Court should order Defendants to cease and desist collection of all such time-barred debts in Wisconsin. Wis. Stat. § 893.05.

8

## COUNT I – FDCPA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. <u>Exhibit A</u> falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin when Defendant is not licensed as a debt collector in Wisconsin.

57. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

58. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

59. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

60. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely telling consumers that Trident was licensed by the State of Wisconsin's Division of Banking.

## COUNT II - FDCPA

61. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Trident attempted to collect Plaintiff's alleged debt after the statute of limitations had expired.

63. The expiration of the statute of limitations extinguished the debt. Wis. Stat. § 893.05.

64. <u>Exhibit A</u> attempts to collect a debt that does not exist.

65. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f and 1692f(1).

## COUNT III – WCA

66. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. The alleged underlying transaction, i.e. the purchase of personal care products with a check, was a consumer transaction with an agreement to defer payment. When payment is by check, the payment is deferred until the bank determines that the checking account is open and has sufficient funds for payment.

68. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

69. By using a letter which falsely represented Trident's licensing status in <u>Exhibit A</u>, Defendants used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

70. Defendants violated Wis. Stat. § 427.104(1)(k).

## COUNT IV – WCA

71. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

72. <u>Exhibit A</u> attempts to collect a debt that is time-barred and thus extinguished as a matter of law. Wis. Stat. §§ 893.43, 893.05.

73. Exhibit A attempts to enforce a right to a debt, even though Defendants knew or should have had reason to know that no such right existed at the time the letters were sent.

74. Defendants violated Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

75. Plaintiff further seeks injunctive relief under the WCA, Wis. Stat. § 426.109(1).

## CLASS ALLEGATIONS

76. Plaintiff brings this action on behalf of two Classes

77. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Trident, (c) stating that Trident is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) between April 6, 2016 and April 6, 2017, inclusive, (f) that was not returned by the postal service.

78. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, owed to OPS 9, (d) that was assigned to OPS 9 after default and, (e) was incurred for personal, family or household purposes, (f) and which the collection letter was sent to the person after the six year statute of limitations had expired (g) between April 6, 2016 and April 6, 2017, inclusive, (h) that was not returned by the postal service. Excluded from the class are any person who Defendants can show made one or more payments on the account after April 6, 2011, and any person ordered by court judgment to pay the account.

79. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

80. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

81. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

82. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

83. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

84. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief, including but not limited to an Order enjoining Defendants from mailing debt collection letters seeking to collect time-barred debts from customers;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: April 6, 2017.

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)

Mark A. Eldridge (SBN 1089944)  
Denise L. Morris (SBN 1097911)  
3620 East Layton Avenue  
Cudahy, WI 53110  
(414) 482-8000  
(414) 482-8001 (fax)  
sademi@ademilaw.com  
jblythin@ademilaw.com  
meldridge@ademilaw.com  
dmorris@ademilaw.com